WILL OF HYDE: DONOVAN, Respondent, vs. HYDE, Appellant.

*September 14—December 7, 1909.*

*Appeal: Affirmative showing of error: Evidence received provision-*
*ally: Costs: Discretion.*

1. Where the record shows that upon a trial by the court certain
   testimony was received *de bene esse,* and does not show that
   any part thereof which was claimed to be inadmissible was con-
   sidered by the court, no error affirmatively appears.
2. In a will contest an award of costs against the contestant in the
   circuit court will not be disturbed on appeal unless there was
   an abuse of discretion.

APPEAL from a judgment of the circuit court for Juneau
county: J. J. FRUIT, Circuit Judge. *Affirmed.*

Appeal by one *Thomas F. Hyde* from judgment of the cir-
cuit court affirming order of the county court admitting to
probate a certain writing as the will of Thomas J. Hyde, de-
ceased. According to the evidence of the proponent the will
was drawn for Hyde by a layman while the former was in his
last sickness, but able to sit up in bed. It was drawn in lead
pencil, executed by testator by his mark, and then taken by
the scrivener through an open door to a table in an adjoining
room, where the name of the testator was written by the scriv-
ener and the names of the attesting witnesses were affixed; it
being announced and fully understood that the paper was so
executed as the will of the deceased and that he desired the
witnesses to complete its formal execution. The principal
controversy on the appeal is whether the evidence permits the
conclusion that the table on which the witnesses wrote their
names was so situated as to be within the observation of the
testator. The court found that such attestation was in the
presence of the testator.

For the appellant there was a brief by *Lenicheck, Fairchild*
*& Boesel,* attorneys, and *Daniel H. Grady,* of counsel, and
oral argument by *Mr. E. T. Fairchild* and *Mr. Grady.*

For the respondent there was a brief by *Veeder & Veeder*, and oral argument by *F. S. Veeder.*

The following opinion was filed October 5, 1909:

Dodge, J.   The principal question presented is a pure issue of fact on which the circuit court has reached a conclusion.   We do not feel justified in saying more about the evidence than that we fail to find any clear preponderance against such conclusion.

Error is assigned, and some argument indulged, upon admission of testimony of the scrivener to personal transactions with the deceased, objectionable by reason of asserted interest under the will; but the record discloses that such testimony was received merely *de bene esse,* and does not show that any part thereof relating to personal transactions was considered by the court.   Hence no error affirmatively appears in that respect.

Another assignment of error is in the award of costs against the contestant in circuit court.   The circuit court was in better position than we can be to weigh any considerations for or against such award and to exercise sound discretion thereon. We cannot find anything in the record to persuade us that that discretion has been abused.

*By the Court.*—Judgment affirmed.

Winslow, C. J., took no part.

Upon a motion by the appellant the mandate was, on December 7, 1909, modified and amended so as to direct that the taxable costs of both parties be paid out of the estate, but that no costs be taxed for printing the case.